IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

BRIAN T. JORDAN                                                                                                PLAINTIFF

v.                            Civil No. 11-5172

SGT. BRANDON CARMEAN; DEPUTY
MICHAEL NIEL; INVESTIGATOR JEREMY D.
FELTON; INVESTIGATOR KENNETH PAUL;
and PROSECUTING ATTORNEY,
STEPHANIE MCLENORE                                                                                  DEFENDANTS

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

This is a civil rights action filed by the Plaintiff, Brian Jordan (hereinafter Jordan), pursuant to 42 U.S.C. § 1983. The case is before me for a determination of whether service of process should issue.

### 1. Background

According to the allegations of the complaint, Jordan was arrested on August 24, 2010, and booked into the Benton County Detention Center (BCDC) on a witness bribery charge. On April 28, 2011, Jordan states he was convicted of raping Norma Billings and sentenced to life imprisonment. In May of 2011, the bribery charge was nolle prossed.

On September 21, 2010, Jordan alleges he was attacked by Sergeant Brandon Carmean. Jordan maintains he was brutally beaten with extreme force. During the beating, Jordan states his left leg was twisted so badly that he is still having problems walking.

That same day, Jordan asserts he was threatened by Investigator Jeremy D. Felton because Jordan would not confess to the witness bribery and rape charges. Jordan alleges he was "hurt" because he would not confess.

With respect to Investigator Kenneth Paul, Jordan alleges Paul tampered with a witness, Cleo Horton, and as a result Horton changed his story. As a result, Jordan states he was falsely charged with bribing a witness.

With respect to Prosecuting Attorney Stephanie McLenore, Jordan states she knew the witness bribery charge was false. Jordan also alleges that McLenore took sixty days to arraign him on the rape charge. Jordan alleges he was held in jail on the bribery charge from August 24, 2010, until April 28, 2011, when he was convicted of the rape charge.

With respect to Deputy Michael Niel, Jordan contends he used excessive force against Jordan on February 5, 2010. Among other things, Jordan contends Niel slammed his head into the wall. As a result, Jordan contends he still suffers from blurred vision.

**2. Discussion**

Pursuant to 28 U.S.C. § 1915(e), the Court has the obligation to screen any complaint filed *in forma pauperis*. Section 1915(e)(2)(B)(i-iii) provides that on review, the Court "shall dismiss the case at any time if the court determines that . . . the action or appeal–(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief from a defendant who is immune from such relief."

Several of Jordan's claims are subject to dismissal. First, Jordan's claims against Prosecuting Attorney Stephanie McLenore are subject to dismissal. The prosecuting attorney is immune from suit. The United States Supreme Court, in *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976), established the absolute immunity of a prosecutor from a civil suit for damages under 42 U.S.C. § 1983 "in initiating a prosecution and in presenting the State's case." *Id.*, 424 U.S. at 427. This immunity extends to all acts that are "intimately associated with the judicial phase of the criminal process." *Id.*, 424 U.S. at 430. *See also Buckley v. Fitzsimmons*, 509 U.S.

AO72A
(Rev. 8/82)

259 (1993)(Prosecutor acting as an advocate for the state in a criminal prosecution is entitled to absolute immunity while a prosecutor acting in an investigatory or administrative capacity is only entitled to qualified immunity); *Brodnicki v. City of Omaha*, 75 F.3d 1261 (8th Cir. 1996)(County prosecutors were entitled to absolute immunity from suit).

Second, Jordan's claims that he was falsely charged with witness tampering are subject to dismissal. In *Baker v. McCollan*, 443 U.S. 137 (1979), the Supreme Court stated:

> The Constitution does not guarantee that only the guilty will be arrested. If it did, § 1983 would provide a cause of action for every defendant acquitted-indeed, for every suspect released. Nor are the manifold procedural protections afforded criminal defendants under the Bill of Rights "without limits." *Patterson v. New York*, 432 U.S. 197, 208, 97 S.Ct. 2319, 2326, 53 L.Ed.2d 281 (1977). "Due process does not require that every conceivable step be taken, at whatever cost, to eliminate the possibility of convicting an innocent person." *Ibid.*
>
> The Fourteenth Amendment does not protect against all deprivations of liberty. It protects only against deprivations of liberty accomplished "without due process of law." A reasonable division of functions between law enforcement officers, committing magistrates, and judicial officers-all of whom may be potential defendants in a § 1983 action-is entirely consistent with "due process of law." Given the requirements that arrest be made only on probable cause and that one detained be accorded a speedy trial, we do not think a sheriff executing an arrest warrant is required by the Constitution to investigate independently every claim of innocence, whether the claim is based on mistaken identity or a defense such as lack of requisite intent. Nor is the official charged with maintaining custody of the accused named in the warrant required by the Constitution to perform an error-free investigation of such a claim. The ultimate determination of such claims of innocence is placed in the hands of the judge and the jury

*Baker*, 443 U.S. at 145-46. I conclude Jordan has stated no claim that his rights under the Due Process Clause have been violated.

Third, the "Constitution does not mention malicious prosecution nor do[es Jordan] cite a basis for a federal action for malicious prosecution." *Kurtz v. City of Shrewsbury*, 245 F.3d

753, 758 (8th Cir. 2001). The Eighth Circuit has "uniformly held that malicious prosecution by itself is not punishable under § 1983 because it does not allege a constitutional injury." *Id.*

### 3. Conclusion

For the reasons stated, I recommend that Jordan's false arrest claims, his malicious prosecution claims, and his claims against Prosecuting Attorney Stephanie McLenore and Investigator Kenneth Paul be dismissed. By separate order the complaint will be served on the remaining Defendants.

**Plaintiff has fourteen (14) days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. Plaintiff is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 19th day of October 2011.

/s/ *J. Marschewski*
 HON. JAMES R. MARSCHEWSKI
 CHIEF UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)