IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

BRIAN T. JORDAN                                                                                            PLAINTIFF

v.                                          Civil No. 11-5172

SGT. BRANDON CARMEAN; DEPUTY
MICHAEL NIEL; and INVESTIGATOR
JEREMY D. FELTON                                                                                     DEFENDANTS

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

This is a civil rights action filed by the Plaintiff, Brian Jordan (hereinafter Jordan), pursuant to 42 U.S.C. § 1983. The case is before me on Defendants' motion for partial summary judgment (Docs. 50-52). Plaintiff has responded to the motion (Doc. 55). The motion is now ready for decision.

### 1. Background

According to the allegations of the complaint, Jordan was arrested on August 24, 2010, and booked into the Benton County Detention Center (BCDC) on bribery and rape charges. On September 21, 2010, Jordan alleges he was attacked by Sergeant Brandon Carmean. Jordan maintains he was brutally beaten with extreme force. During the beating, Jordan states his left leg was twisted so badly that he is still having problems walking.

That same day, Jordan asserts he was threatened by Investigator Jeremy D. Felton because Jordan would not confess to the witness bribery and rape charges. Jordan alleges he was "hurt" because he would not confess.

With respect to Deputy Michael Niel, Jordan contends he used excessive force against Jordan on February 5, 2010. Among other things, Jordan contends Niel slammed his head into the wall. As a result, Jordan contends he still suffers from blurred vision.

Plaintiff was given leave to add Sheriff Ferguson and Jail Administrator Robert Holly as Defendants. Plaintiff filed an amended complaint (Doc. 24). In it he states that every one of his grievances were denied by Captain Holly.

**2. Discussion**

Defendants have now moved for partial summary judgment on behalf of Sheriff Ferguson and Captain Holly. They maintain neither have been alleged to have been personally involved in the incidents at issue and Plaintiff cannot establish a custom or policy was the moving force behind the alleged constitutional violations. They have supported their motion with pages from the Plaintiff's deposition. *Defts' Ex.* A. In response to questions, Plaintiff stated neither Sheriff Ferguson or Captain Holly were personally involved in any of the incidents. *Id.* at pgs. 35 & 39. Plaintiff indicates he sued them because they are supervisors. *Id.*

A claim of deprivation of a constitutional right cannot be based on a respondent superior theory of liability. *See Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). "The general responsibility . . . for supervising the operation of a [facility] is not sufficient to establish personal liability." *Estate of Rosenberg by Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995). "[A] bare allegation that someone in supervisory authority has been deliberately indifferent, without any specification of that person's contact in fact with the plaintiff, [or] even an explicit charge of inadequate training or supervision of subordinates, it [not] sufficient to state a [§ 1983] claim." *Id.*; *see also Parrish v. Ball*, 594 F.3d 993, 1001 (8th Cir. 2010). There is no allegation that either Sheriff Ferguson or Captain Holly were involved in any way in the actions taken by Sergeant Carmean, Deputy Neil, or Investigator Felton. Plainttiff cannot create an issue of fact by contradicting states he made in his deposition. *Herring v. Canada Life Assu.,*

AO72A
(Rev. 8/82)

*Co.,* 207 F3d 1026, 1030 (8th Cir. 2000). Thus, they cannot be held liable on a supervisory liability claim.

An official capacity claim against an official is the equivalent of a suit against the employing government entity. *Crawford v. Van Buren County*, 678 F.3d 666, 669 (8th Cir. 2012. "A claim [under § 1983] against a county is sustainable only where a constitutional violation has been committed pursuant to an official custom, policy, or practice." *Johnson v. Blaukat*, 453 F.3d 1108, 1114 (8th Cir. 2006)(citation omitted). Jordan has not alleged that the BCDC operated pursuant to a policy or custom that violated his constitutional rights. Thus, Jordan's official capacity claims against Sheriff Ferguson and Captain Holly are subject to dismissal.

### 3. Conclusion

For the reasons stated, I recommend that the motion for partial summary judgment (Doc. 50) be granted and all claims against Sheriff Ferguson and Caption Holly be dismissed.

**The parties have fourteen (14) days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 11th day of February 2013.

/s/ *J. Marschewski*
　HON. JAMES R. MARSCHEWSKI
　CHIEF UNITED STATES MAGISTRATE JUDGE